(C.D. 3542)

HUGO NEU CORP. v. UNITED STATES

United States Customs Court, Second Division

(Decided August 20, 1968)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *E. Thomas Honey* of counsel) for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Sheila N. Ziff* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before RAO and FORD, Judges, and OLIVER, Senior Judge

OLIVER, Judge: The merchandise involved in the two protests designated above and consolidated for trial consists of steel scrap which was classified by the collector of customs under the provision for scrap steel in paragraph 301 of the Tariff Act of 1930, as modified by T.D. 51802. It was assessed with duty at the rate of 37½ cents per ton, plus additional duties on the tungsten, vanadium, and chromium content over certain percentages specified in that paragraph. The plaintiff

claims that this merchandise is properly free of duty by virtue of Section 1 of Public Law 869, 81st Congress, 2d session, 64 Stat. 1093, as amended by Public Law 723, 84th Congress, 2d session, 70 Stat. 553.

The pertinent provisions of the statutes involved are:

*Classified under:* Paragraph 301 of the Tariff Act of 1930:

* * * wrought and cast scrap iron, scrap steel, hammer scale, roll scale, and mill scale, 75 cents per ton: *Provided,* * * *: *Provided further,* that nothing shall be deemed scrap or scrap steel except secondhand or waste or refuse iron or steel fit only to be remanufactured: *Provided further,* that an additional duty of $1 per pound on the vanadium content in excess of one-tenth of 1 per centum, 72 cents per pound on the tungsten content in excess of two-tenths of 1 per centum, 65 cents per pound on the molybdenum content in excess of two-tenths of 1 per centum, and 3 cents per pound on the chromium content in excess of two-tenths of 1 per centum, shall be levied, collected, and paid on all the foregoing.

Paragraph 301 of the Tariff Act of 1930, as modified by T.D. 51802:

Wrought and cast scrap iron, and scrap steel_____ 37½¢ per ton

The additional duty applicable under the third proviso to paragraph 301, Tariff Act of 1930, to articles (except granular or sponge iron) provided for in said paragraph shall be:

On the vanadium content in excess of one-tenth of 1 per centum_____ 50¢ per lb.

On the tungsten content in excess of two-tenths of 1 per centum_____ 50¢ per lb.

On the molybdenum content in excess of two-tenths of 1 per centum_____ 65¢ per lb.

On the chromium content in excess of two-tenths of 1 per centum_____ 1½¢ per lb.

*Claimed under:* Public Law 869, 81st Congress, 2d session, as amended by Public Law 723, 84th Congress:

The Act of March 13, 1942 (Ch. 180, 56 Stat. 171), as amended, is hereby amended to read as follows:

Sec. 1. (a) No duties or import taxes shall be levied, collected, or payable under the Tariff Act of 1930, as amended, or under section 3425 of the Internal Revenue Code with respect to metal scrap, or relaying and rerolling rails.

(b) The word 'scrap', as used in this Act, shall mean all ferrous and nonferrous materials and articles, of which ferrous or nonferrous metal is the component material of chief value, which are second-hand or waste or refuse, or are obsolete, defective or damaged, and which are fit only to be remanufactured.

Sec. 2. * * *

Sec. 2. The amendment made by this Act shall be effective as to merchandise entered, or withdrawn from warehouse, for

consumption on or after the day following the date of enactment of this Act and before the close of June 30, 1951. It shall also be effective as to merchandise entered, or withdrawn from warehouse, for consumption before the period specified where the liquidation of the entry or withdrawal covering the merchandise, or the exaction or decision relating to the rate of duty applicable to the merchandise, has not become final by reason of section 514, Tariff Act of 1930.

Public Law 723, *supra:*

The first sentence of section 2 of the Act of September 30, 1950 (Public Law 869, Eighty-first Congress), is hereby amended by striking out 'June 30, 1956' and inserting in lieu thereof 'June 30, 1957': *Provided*, That this Act shall not apply to lead scrap, lead alloy scrap, antimonial lead scrap, scrap battery lead or plates, zinc scrap, or zinc alloy scrap, or to any form of tungsten scrap, tungsten carbide scrap, or tungsten alloy scrap; or to articles of lead, lead alloy, antimonial lead, zinc, or zinc alloy, or to articles of tungsten, tungsten carbide, or tungsten alloy, imported for remanufacture by melting.

No witnesses were called by either party. The cases were submitted on "the entry, invoice, and all papers transmitted by the Collector to the Court, including Customs Laboratory reports" which were received in evidence, as offered by the plaintiff, without objection by counsel for the defendant. At the trial, counsel for the defendant stated:

* * * we agree that the merchandise involved does consist of steel scrap. However, we also contend that, as indicated by the plaintiff, in the Court files it is also a tungsten alloy, and therefore, is excluded from free entry by reason of being a tungsten alloy, and under the provisions of Public Law 723. [R. 4.]

It appears from the foregoing that the defendant's position is not consistent. Counsel cannot both concede that the merchandise is steel scrap and at the same time assert that it is not steel scrap but is a tungsten alloy which should be excluded from free entry under Public Law 723.

The collector having classified the merchandise as steel scrap, his action, which is presumptively correct, establishes, unless otherwise shown, that it is in fact steel scrap, and the plaintiff may avail itself of the benefit of that presumption.

In this case, the presumption is that the merchandise consists of steel scrap fit only to be remanufactured. There is no dispute that the imported scrap has an ascertained percentage content of tungsten and other alloys, as shown by the laboratory reports among the official papers in evidence. Customs Laboratory Report No. B1746, dated February 28, 1957, shows:

REPORT

The sample, in the form of two broken, oxide coated bars or rods, contains the following:

| Marks | % Tungsten | % Vanadium | % Chromium |
|---|---|---|---|
| ⅝″ square rod or bar | 17. 9 | 2. 1 | 4. 0 |
| Flat rod or bar (¼″ thick) | 7. 8 | 2. 5 | 3. 8 |

Customs Laboratory Report No. C19837, dated October 22, 1956, indicates the following—

REPORT

The sample, in the form of a broken, oxide-coated bar, contains 17.9% tungsten.

In our opinion, the sample appears to be an alloy steel scrap.

ADDITIONAL INFORMATION 6/14/57

| Chromium | 4.1% |
|---|---|
| Vanadium | 0.9% |
| Molybdenum | less than 0.2% |

The relatively small percentages of tungsten and other alloys shown by the foregoing reports verify that the merchandise at bar is predominantly steel scrap and corroborates the classification made by the collector of customs.

A case which the court considers to be on all fours with the issue at bar is *Watson, Geach & Co. (Inc.)* v. *York Metal & Alloys Co., etc.*, 14 Ct. Cust. Appls. 449, T.D. 42112, decided in 1927. It affords a quite thorough analysis and discussion of steel, scrap steel, and alloys with relation to similar tariff provisions involved herein. The court there held, after discussing the pertinent tariff provisions, that similar merchandise was not an alloy of tungsten, a metallic tungsten, a compound of tungsten nor an alloy used as a substitute for steel, but was dutiable as scrap steel, fit only to be remanufactured, as provided by paragraph 301 of the Tariff Act of 1922, the predecessor of paragraph 301 of the Tariff Act of 1930, *supra*.

Predicated upon the evidence presented to the court, and for the foregoing reasons, we hold that the steel scrap in controversy herein should properly have been granted the benefit of free entry as coming within the provision of Section 1 of Public Law 869, 81st Congress, 2d session, as amended by Public Law 723, 84th Congress. The claim in the protests, therefore, is sustained.

Judgment will be entered accordingly.